**Ivory DAVIS–EL, Plaintiff,**

v.

**Michael O'LEARY, et al., Defendants.**

**No. 85 C 2396.**

United States District Court,
N.D. Illinois, E.D.

Sept. 8, 1987.

A. Mark Ialongo, Chicago, Ill., for plaintiff.

Neil F. Hartigan, Atty. Gen., State of Ill. by Marita C. Sullivan, Asst. Atty. Gen., General Law Div., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Before this court is defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff brings his Second Amended Complaint pursuant to 42 U.S.C. § 1983. The complaint alleges that the Illinois Prisoner Review Board paroles European-American citizens at a faster rate than it paroles African-American citizens. Plaintiff alleges such conduct violates his constitutional rights as guaranteed by the Equal Protection and Due Process clauses of the Constitution. For the reasons stated herein, defendants' motion to dismiss is granted in part and denied in part.

## FACTS

Plaintiff's previous complaint in this action consisted of ten counts, seven of which were dismissed by this court on January 17, 1986 in *Davis-El v. O'Leary*, 626 F.Supp. 1037 (N.D.Ill.1986). Plaintiff's Second Amended Complaint, now before this court, contains only one count which alleges that the Illinois Prisoner Review Board paroles European-Americans at a faster rate than it paroles African-Americans in violation of 42 U.S.C. § 1983. Plaintiff seeks release from incarceration, injunctive relief, and compensatory and punitive damages.

## DISCUSSION

### A. *Defendants O'Leary, Krolikiewicz, and Springborn*

■ Plaintiff is required to satisfy two requirements to state a § 1983 claim against an individual. First, the complaint must allege that plaintiff was deprived of a federally protected right. Second, plaintiff must allege that the person who deprived plaintiff of the federally protected right acted under the color of state law. *Gomez v. Toledo*, 446 U.S. 635, 638, 100 S.Ct. 1920, 1922–23, 64 L.Ed.2d 572 (1980).

■ A complaint against an individual defendant must charge the defendant with personal wrongdoing. *Duckworth v. Franzen*, 780 F.2d 645 (7th Cir.1985). Section 1983 does not recognize the doctrine of respondeat superior. *McKinnon v. City of Berwyn*, 750 F.2d 1383, 1390 (7th Cir.1984). So an individual defendant cannot be held liable for the torts of his subordinates. An individual defendant can only be subject to § 1983 liability if that defendant deprived plaintiff of a federally protected right. A defendant cannot be held liable for the unconstitutional acts of others.

■ In the instant case, plaintiff seeks to hold O'Leary, Krolikiewicz, and Springborn liable for the allegedly unconstitutional acts of the Illinois Prisoner Review Board. Plaintiff failed to allege that O'Leary, Krolikiewicz, and Springborn engaged in any personal wrongdoing. Plaintiff alleged no specific interaction between these defendants and the members of the Review Board. In addition, plaintiff failed to allege that O'Leary, Krolikiewicz, and Springborn participated in the parole application process in any capacity. Consequently, the claims against these defendants must be dismissed.

### B. *Prisoner Review Board*

The Seventh Circuit has held that the Illinois Prisoner Review Board is functionally comparable to the judiciary and that therefore its members are entitled to absolute immunity for their official actions. *Walker v. Prisoner Review Board,* 769 F.2d 396 (7th Cir.1985). In *Walker,* the Seventh Circuit declined to recognize a distinction between adjudicatory actions by board members, which receives absolute immunity, and administrative actions, which receive only qualified immunity. *Id.* at 398.

In the instant case, it is clear that the Prisoner Review Board's alleged unconstitutional conduct occurred in the course of rejecting plaintiff's parole application. Rejection of the parole application constitutes official action. Therefore, the board members are absolutely immune from § 1983 liability.

### C. *Injunctive Relief*

Although the members of the Prisoner Review Board are immune from suit for damages, plaintiff is not necessarily precluded from obtaining injunctive or declaratory relief for unconstitutional actions by the Board. *See United States ex rel. Powell v. Irving,* 684 F.2d 494, 497–98 (7th Cir.1982). A prisoner may receive injunctive relief enjoining members of the Prisoner Review Board from engaging in unconstitutional conduct.

Plaintiff seeks injunctive relief enjoining the Prisoner Review Board from racially discriminating against plaintiff. Such relief is available for claimants who properly plead a cause of action. After construing plaintiff's allegations liberally, this court believes plaintiff stated a cause of action. The Prisoner Review Board would have violated plaintiff's constitutional rights if it denied plaintiff's parole application because of his African heritage when they would have granted the parole application of another prisoner similarly situated who is of European heritage.

The instant prisoner may not obtain a mandatory injunction that orders the Prisoner Review Board to release that prisoner from prison. The Seventh Circuit set forth the rule that a writ of habeas corpus is the sole federal remedy for state prisoners seeking release from prison. *Crump v. Lane,* 807 F.2d 1394 (7th Cir.1986). Consequently, the instant plaintiff's claim for injunctive relief cannot be granted because plaintiff seeks a mandatory injunction releasing him from prison. Plaintiff has not filed a writ of habeas corpus and therefore cannot obtain his release.

### CONCLUSION

This court dismisses defendants O'Leary, Krolikiewicz, and Springborn. This court finds the members of the Prisoner Review Board absolutely immune from liability. Consequently, the complaint contains no defendant against whom monetary relief can be sought. This court rejects plaintiff's request for a mandatory injunction ordering the Prisoner Review Board to release plaintiff. However, plaintiff may seek an injunction enjoining the board from discriminating against parole applicants on the basis of race. In sum, only one issue remains before this court. This court must determine whether plaintiff is entitled to an injunction enjoining the Board from discriminating against parole applicants on the basis of race.

IT IS SO ORDERED.